UNIVERSAL CREDIT COMPANY, Respondent, *v.* SIMON BLINDERMAN, Appellant, Impleaded with "JOHN DOE," Fictitious, etc., Defendant.

Supreme Court, Appellate Term, First Department, February 19, 1936.

*Isaiah Sorrin,* for the appellant.

*Goodman & Werner* [*Emanuel Goodman* of counsel], for the respondent.

PER CURIAM. There being no general appearance in the action by defendant-appellant, and no summons served upon him, the court lacked jurisdiction to enter judgment either *in rem* or *in personam.*

There is no obligation imposed by law upon the owner of a garage, in which an automobile is stored, to deliver to the car owner a purported summons, warrant of seizure and other accompanying papers delivered by a city marshal. In the absence, as here, of proof of such a contractual obligation, neither the owner of the

garage nor the manager can be held to be the agent of the owner of the car for the purpose of service. By such delivery of the seizure papers to the garage owner or his manager, the court may acquire jurisdiction of the thing seized; but due notice, by service of the summons upon the owner, must be made before the jurisdiction is perfected and the owner divested of his title and cast in judgment. More than thirty days (about nineteen months) having elapsed without service of summons, the motion to vacate should have been granted.

Order reversed, with ten dollars costs, and motion to vacate granted, with ten dollars costs, and judgment and warrant of seizure vacated.

All concur. Present — LEVY, HAMMER and CALLAHAN, JJ.